**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **MATTHEW BURGHARDT,** as guardian of **Matthew B. Burghardt,** | CASE NO.: 5:19-CV-00325 |
| Plaintiff, | JUDGE SARA LIOI |
| -vs- | |
| **EZEKIEL RYAN,** *et al.*, | |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT RYAN'S MOTION FOR PROTECTIVE ORDER AND TO COMPEL CELL PHONE FOR NON-DESTRUCTIVE FORENSIC EXAMINATION**

Plaintiff Matthew Burghardt, through counsel, opposes Defendant Ryan's motion seeking this Court's order compelling production and authorizing forensic examination and testing of Matthew B. Burghardt's cell phone, which was collected after Defendants Ryan and London shot him and left him permanently disabled. Defendant Ryan seeks to conduct unspecified and unlimited forensic testing on Matthew B. Burghardt's cellular phone confiscated after the shooting. The testing Defendant Ryan seeks falls outside the bounds of permissible discovery in this civil case, and is nothing more than a fishing expedition that is not relevant nor proportional to the needs of this case. Furthermore, the testing Defendant Ryan seeks to conduct will invade the reasonable expectation of privacy of Burghardt and of non-parties without probable cause to do so. This Court should deny Defendant Ryan's motion in its entirety.

**I.      Information Contained in the Phone Is Not Relevant.**

Defendant Ryan's Motion asks this Court for free range to engage in a fishing expedition into the personal cellular phone of Matthew B. Burghardt—where he will have access pertaining

to Burghardt and non-parties alike. The Court should deny the Defendants' motion for such an invasive and unreasonable order.

Rule 26(b) allows discovery "regarding any non-privileged matter that is *relevant* to any party's claim or defense and *proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. (26)(b)(emphasis added).

In his motion, Ryan presents nothing more than speculation that the phone contains evidence relevant to the claims and defenses in this case. Defendant Ryan asserts that he needs the phone's contents to illuminate questions around "Burghardt's relationship with Beard, their locations before the shooting, and correspondence or communications leading to the events of February 13, 2018." Ryan further articulates the purpose of testing, stating, "Other than Beard, Burghardt's cell phone is the best and probably only means of determining Burghardt's actions, activities, and communications leading to the robbery and shooting." However, none of this information is relevant to the central questions in this case: namely, whether Defendants are liable for violating Matthew B. Burghardt's rights by shooting him while he was unarmed and doing nothing more than lying in the passenger seat of vehicle.

In Fourth Amendment cases involving determinations on the reasonableness of an officer's use of force, information that officers did not know or rely on at the time are not relevant to the reasonableness analysis. As the Supreme Court noted in *Graham v Connor*, 490 U.S. 386, 396 (1989), police officer responses are not evaluated with the benefit of 20/20 hindsight, but, rather, solely upon the particular facts and circumstances confronting the officer at the time of the

event.  "Knowledge of the facts and circumstances gained after the fact … has no place in the trial court's or jury's proper post-hoc analysis of the reasonableness of the actor's judgment. Were the rule otherwise . . . the jury would possess more information that the officer possessed when he made the crucial decision[s]." This principle is also well established in the Sixth Circuit, where the reasonableness of Defendants' conduct permits consideration of "only the facts the officers knew at the time of the alleged Fourth Amendment violation." *Dickerson v. McClellan*, 101 F.3d 1151, FN3 (6th Cir. 1996), citing *Anderson v. Creighton*, 483 U.S. 635, 641, 97 L. Ed. 2d 523, 107 S. Ct. 3034 (1987).

Cases around the country reflect the application of this rule. A plaintiff's or decedent's drug use is irrelevant to the issues in a use-of-force case but for information known to the officer at the time of the shooting. Likewise, alleged criminal activity is irrelevant but for the specific information about the crime known to the officer at the time he used force. *See*, e.g., *Harris v. City of Circleville*, Case No. 1:04-cv-2052, 2010 U.S. Dist. LEXIS 29386 at *27 (S.D. Ohio March 5, 2010) (When an officer "did not know Plaintiff's blood alcohol content at the time [he] used force against him, this evidence cannot be considered in determining whether the force used was objectively reasonable."); *Cundiff v. Postel*, Case No. 3:06-CV-437, 2008 U.S. Dist. LEXIS 24612 at *6-7, 10-11 (E.D. Tenn. March 25, 2008) (information beyond what officer knew at the time "constitute[s] evidence that falls outside the Court's reasonableness analysis."). In a further example, in *Munley v. Carlson*, 125 F. Supp. 2d. 1117, 1119-1120 (N.D. Ill. 2000), the court held that information about alleged criminal activity during a domestic battery incident prior to the use of force was irrelevant. In *Munley*, when police arrived, the plaintiff's wife had evident injuries and gave information about those injuries to the officer.  The officer acted based on that

3

information, but not based on information about the underlying battery not known to the officer at the time:

> The issue in this case is whether [the officer] used excessive force when he arrested [the plaintiff], not whether [the plaintiff] is guilty of hitting his wife. The reasonableness of an officer's actions in the course of an arrest is judged by an objective standard, based on the facts and circumstances known to the officer at the time of the arrest. Evidence discovered after the fact is not relevant to the objective reasonableness of the officer's actions. [Plaintiff's wife] may not be asked whether [plaintiff] actually hit her because it relates to circumstances outside the time frame of [the officer's] actions. However, she may testify as to what she told [the officer] and to her physical condition at the time of the arrest.

*Id.* at 1119-20 (internal citations omitted).

Nothing in the phone will have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" (Fed. R. Evid. 401) for any claims or defenses in this case.

Further, the Parties already know the answers the questions Ryan seeks to find through analyzing the phone's contents: (1) Burghardt and Beard knew each other; (2) They were together on the date and at the time of the shooting; (3) Beard and Burghardt are alleged to attempted to steal a log splitter the Tractor Supply Store; (4) Witnesses identified their van; (5) Defendants Ryan and London, along with Sgt. East, located the van with Beard and Burghardt inside; (6) the entire series of events that follow, including the shooting, is captured on video. This information is already captured in documents in the possession of the Parties. The phone's contents are simply not relevant nor necessary to the case and Defendant's Motion should be denied.

## II. Forensic Analysis of the Phone Is Not Proportional to the Needs of the Case.

Rule 26(b) limits permissible discovery beyond the question of relevancy, and also requires discovery only where "proportional to the needs of the case." Proportionality analysis "consider[s]the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. (26)(b)(emphasis added).

Here, Defendant Ryan already has access to the information he seeks from the phone. Information known to Defendants at the time of the shooting is, of course, already in their possession, and is further captured in radio dispatch records and other documents created through the investigation of this shooting. Defendant Ryan also acknowledges in his Motion that Christian Beard has knowledge about all the questions he seeks to answer through analyzing the phone. Should he desire, Defendant will be able to explore these questions beyond the interviews he already possesses: Beard's deposition is scheduled for December 3, 2019.

Further, to the extent that Defendant Ryan seeks to establish Burghardt as a person who used or purchased drugs, or was involved in the improper acquisition of the van, his Motion also establishes that he already has access to documents he believes support those contentions[1]: "The [BCI] investigation, including an interview with Beard, revealed that Beard and Burghardt had been to several locations prior to the shooting, had purchased marijuana and methamphetamines prior to the incident, and may have acquired the van under false pretenses." (Motion at p. 2.)

Defendant Ryan does not need the contents of the phone, and this analysis would be entirely disproportional to the needs of the case. The disproportionality is especially evident in the breadth and depth of the invasion of privacy sought by Ryan's Motion. This invasion of privacy must not be understated: Defendant essentially asks the Court for the equivalent of a warrant and the right to invade the privacy not only of Matthew Burghardt, as this analysis would expose his personal day-to-day activities well beyond the scope of this case, but also third parties whose data, communications, and other information is contained in the phone.

_____

[1] Plaintiff nonetheless asserts that this information is irrelevant and inadmissible.

5

The Ohio Bureau of Criminal Investigation (BCI) was tasked with investigating this police-involved shooting. BCI did not find it necessary in their criminal investigation to search the phone. Why Defendant feels entitled to a search is unclear. The only purpose such a search can serve is to provide an opportunity for a fishing expedition in Burghardt's phone in hopes of possibly finding something damaging to his reputation.

Defendant Ryan cites to only two cases with specific support for the contention that he should have access to Burghardt's phone. Neither case grants the broad, boundless access Defendant Ryan requests from the Court today. Both cases cited by Ryan instead weigh heavily against the requests he makes to the Court.

Defendant cites to *Riley v. California*, 134 S. Ct. 2473, 2485 (2014) to explain that phones are often used for "coordination and communication among members of criminal enterprises, and can provide valuable incriminating information about dangerous criminals." (Motion at pp. 4-5.) However, Defendant neglects to acknowledge that *Riley* ultimately establishes the sanctity of privacy rights in relation to cell phone searches, holding that police must generally secure a warrant before conducting a search of a phone. In reaching this conclusion, the *Riley* court discusses at length that modern cellular phones contain a myriad of personal information and implicate serious privacy concerns. *Riley*, 134 S. Ct. at 2488-92. They contain personal mail, internet browsing history, financial data, personal communications, photographs, videos, history of movement, medical history, along with familial, political, professional, religious, and sexual associations, and more. The data on a phone can date back for years. *Id*.

Searching the data contained on Burghardt's phone also implicates the interests of third parties who sent or shared information with him. Ryan's Motion raises the most fundamental constitutional questions regarding the invasion of privacy for Burghardt and non-parties alike. The

intrusion of privacy in searching a phone is significant, and *Riley* stands on the finding that phone data is highly protected. *Riley* establishes that there is no exception to the warrant requirement for cell phone searches by law enforcement officers, and there should be none here, where no legitimate governmental interests are implicated. *Riley*, 134 S. Ct. at 2485.

Further, Defendant cites this Court's decision in *M.J. v. Akron City Sch. Dist. Bd. of Educ.*, No. 5:18-cv-577, 2019 U.S. Dist. LEXIS 172837 (N.D. Ohio 2019) in support of his Motion, but *M.J.* also undermines his request. This Court acknowledged in *M.J.* that phones "present a greater risk of invasion of privacy," and that courts "are cautioned to guard against undue intrusiveness." *M.J.*, at \*5, citing Fed. R. Civ. P. 34 *Advisory Comm. Notes to 2006 Amendment*. Further, *M.J.* addressed a specific recording stored on the phone which the parties agreed was relevant to the case as it captured the key events at issue. Here, no such specific item is alleged to exist on Burghardt's phone. Further, even considering the undisputed relevance of the recording, the Court nonetheless found that the defendant's request for years' worth of data was overly broad. This Court restricted the authorization to a period of only 14 days before and after the date of the recording at issue. *M.J.* at \*6.

Here, Plaintiff challenges the relevance and proportionality of Defendant's request. The privacy interests at stake are significant. Defendant offers to agree to a protocol, but this offer does nothing to protect privacy rights of Burghardt or non-parties, and actually exposes Defendant's real desire to engage in a fishing expedition through the entire contents of the phone—and presumably also connected cloud storage—to discover irrelevant information. Cellular phones easily contain multiple gigabytes of data and it is not possible to mine material evidence separately from personal, protected information. The Supreme Court considered the potential for limited warrantless cellular phone searches for identifying information and resoundingly rejected them

because "this approach would again impose few meaningful constraints on officers" and "sweep in a great deal of information." *Riley* at 2492.

There is no probable cause nor evidentiary rule nor necessity to justify the search of Burghardt's phone in the context of this civil case. Defendant presents no argument or evidence—other than mere speculation—that the search of the phone would turn up information useful to the defense. The request for a blanket order permitting unspecified and unlimited forensic analysis of the contents of the phone is unreasonable and wholly unrelated to the material issue at the center of this case—whether Defendants Ryan and London acted reasonably when they used deadly force to shoot Matthew B. Burghardt.

Furthermore, it should also be noted that Defendants' motion does not state whether the phone is password protected. If it is protected, no forensic testing will be possible without the password or an order forcing the cellular phone provider to grant them backdoor access to the data. Defendants have not requested that the Court grant an order concerning a provider—nor added any cellular phone providers as interested parties to this motion.

Finally, it should be noted that the phone has allegedly been in storage since the date of the shooting on February 13, 2018, but the chain of custody and storage status is unclear and potentially subject to attack.

### Conclusion

Based on the above, Plaintiff respectfully requests that this Court deny in its entirety Defendant's Motion seeking a protective order and order compelling the examination of Burghardt's phone.

Respectfully Submitted,

*/s/ Jacqueline Greene*
JACQUELINE GREENE (0092733)
SARAH GELSOMINO (0084340)
TERRY H. GILBERT (0021948)
FRIEDMAN & GILBERT
55 Public Square, Suite 1055
Cleveland, OH 44113-1901
T: 216-241-1430
F: 216-621-0427
jgreene@f-glaw.com
sgelsomino@f-glaw.com
tgilbert@f-glaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Jacqueline Greene*
JACQUELINE GREENE
*One of the Attorneys for Plaintiff*