## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **MATTHEW BURGHARDT,** as guardian of **Matthew B. Burghardt,** | Case No. 5:19-CV-00325 |
| Plaintiff, | Judge Sara Lioi<br>Magistrate Judge George J. Limbert |
| -vs- | |
| **EZEKIEL RYAN,** *et al.*, | |
| Defendants. | |

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER (DKT. 23)**

Under 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P 72 (a), and L.R. 72.3(a), Plaintiff respectfully submits the following objections to parts of the Magistrate Judge's Order (Dkt. 23) issued on December 17, 2019, on Defendant Ryan's Motion for Protective Order and to Compel Cell Phone for Forensic Examination (Dkt. 16).

Plaintiff does not object to Order's conclusion that contents of the phone are not relevant nor admissible in relation to Plaintiff's § 1983 claim. However, Plaintiff does object to findings that (1) the contents of the phone may be relevant to Defendant Ryan's defenses to Plaintiff's state law claims, and (2) that Defendant Ryan's request for the phone contents is proportional to the needs of the case in relation to Plaintiff's state law claims.

Under 28 U.S.C. § 636(b)(1)(C) and L.R. 72.3(b), any party may serve and file objections to findings and recommendations of the Magistrate Judge. This Court must make a de novo determination of those portions of the report to which objection is made. Plaintiff submits his objections to preserve the matters below for the Court's review. In support of his objections,

Plaintiff incorporates herein all of the facts and arguments contained in his Opposition to Defendant's Motion (Dkt. 18) in addition to the arguments below.

I. **Information Contained in the Phone Is Not Relevant to Ryan's State Law Claims, Nor Does Ryan Specifically Ask for Phone Contents to Defend against Plaintiff's State Law Claims.**

With respect to Defendant Ryan's defenses to state law claims, the contents of the phone are not relevant. Further, this shooting—which constitutes the event giving rise Plaintiff's state law claims–is captured on video. Matthew Burghardt's conduct before and during the shooting are memorialized in this footage. "Burghardt's intent and state of mind leading up to the incident" (Order at 6) and "evidence, particularly that pertaining to mental state" (*id.*) are evident in his conduct, captured on video. The phone contents cannot illuminate these issues any more clearly than the video of the events leading up to and during this shooting. Moreover, Ryan does not and has not relied upon any of the actions related to the alleged burglary or events preceding the shooting as the basis for his use of force.

Even further, Defendant Ryan does not once in his motion or reply actually assert the relevance of the phone contents in relation to his defenses to state law claims. In relation to "defenses," Ryan only broadly references boundaries of discovery under Fed. R. Civ. P. 26(b). Ryan's original stated justification for accessing the contents of the phone was merely that he wanted to know about "Burghardt's actions, activities, and communications leading to the robbery and shooting."[1] Ryan presented his interest in this information without any argument or explanation about how it would be relevant to his defenses, or specifically, to his defenses to Plaintiff's state law claims. (Motion at 5; *see also* Motion at 2 ("Ryan seeks to secure Burghardt's

---

[1] Defendant repeatedly refers throughout his Motion and Reply to Plaintiff as a "criminal," and the alleged crime of "robbery." It should be noted that the alleged crime at stake is burglary, not robbery; further, Plaintiff is the guardian and father of Matthew Burghardt, and was not present on the night of this shooting.

phone and its contents to obtain relevant evidence, including information regarding Burghardt's relationship with Beard, their locations before the shooting, and correspondence or communications leading to the events of February 13, 2018.") In his Reply, Ryan again makes clear that what he actually seeks through his Motion is evidence relevant to the legal issue underlying Plaintiff's § 1983 claim: "Defendant Ryan contends that the conduct of the Plaintiff and his fellow criminal on the night in question *reasonably justified the use of force*." (Reply at 2)(emphasis added).

The Magistrate Judge's Order thus *sua sponte* offered a justification for Ryan's interest in the phone contents—raising, for the first time, defenses to Plaintiff's state law claims. (Order at 5.) However, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed [argumentation], are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *United States v. Cole*, 359 F.3d 420, 428 n.13 (6th Cir. 2004). The contents of the phone are not relevant to Ryan's defenses against Plaintiff's state law claims and the Magistrate Judge's order should be rejected and/or modified in relation to this finding.

**II.    Information Contained in the Phone Is Not Proportional to the Needs of the Case.**

The Magistrate Judge's Order finds, in relation to Ryan's defenses against Plaintiff's state law claims, that providing access to the contents of the phone is proportional to the needs of the case. The Order cites, in particular, "Burghardt's intent and state of mind leading up to the incident" (Order at 6) and "evidence, particularly that pertaining to mental state" (*id.*) as proportional. The Order ultimately acknowledges the unique privacy concerns pertaining to cell phones (Order at 6-7) but nonetheless grants Ryan's motion to compel discovery of phone contents from "a time period of three (3) months prior to and including the date of the shooting incident of February 12, 2018." (Order at 7.) The Order instructs the parties to confer on a protocol for

3

examining and copying the contents of the phone within three weeks, and if no agreement is reached, instructs that the Court will issue its own order for a protocol. (*Id.*) The Order further finds that a protective order, as proposed by Ryan, is sufficient to protect privacy concerns raised by Plaintiff, and grants Ryan's motion with respect to the issuance of a protective order. (Order at 7, 8.)

Plaintiff asserts that compelling the production of the contents of the phone constitutes a massive invasion of privacy far beyond the scope of permissible discovery and is not proportional to the needs in this case. Plaintiff's Opposition addresses these issues at length, and Plaintiff maintains now that no time-period limitations on discovery of phone contents or protective order can rectify the proportionality issues raised therein. Plaintiff contends that the Magistrate Judge's Order should be rejected and/or modified in relation to the finding of proportionality in relation to needs for Ryan's defenses to state law claims in this case.

However, should the Court find that any portion of the phone contents are both relevant and proportional to Ryan's state law defense needs, Plaintiff asserts that the three-month period outlined in the Order is extraordinarily broad and not at all proportional. Ryan is clear that he is only interested in "Burghardt's actions, activities, and communications leading to the robbery and shooting" (Motion at 5), "information regarding Burghardt's relationship with Beard, their locations before the shooting, and correspondence or communications leading to the events of February 13, 2018" (Motion at 2), and "the conduct of the Plaintiff and his fellow criminal on the night in question." (Reply at 2). Any material provided to Ryan should therefore be limited—at most—to these specific issues, and more specifically, only to the issues recognized by the Magistrate Judge as not available otherwise: "evidence, particularly that pertaining to mental state." (Order at 6.)

Further, Ryan himself limits his request to content from "the night in question."[2] There is no justification to provide broad access to private information from a three-month period. While Plaintiff contends that the entirety of the Order should be rejected or modified on the issue of proportionality, in the alternative—should the Court find proportionality, Plaintiff asserts that the appropriate period for discovery is material from "the night in question" only. Any greater period would allow for Ryan to engage in a fishing expedition into irrelevant and disproportional discovery.

Further, should the Court find proportionality in relation to Ryan's state law claims, Plaintiff also asserts that a protective order is insufficient to both (a) control for Defendant's discovery of only the material from a designated time period, and (b) to protect against Defendant obtaining irrelevant (and unrequested) information within any time period that the Court deems proportional. Instead of a protective order, Plaintiff instead asks the Court to (1) implement an appropriate protocol for accessing the phone contents, and (2) to conduct an in-camera review of material obtained from the phone to ensure that the material to be produced to the parties is (a) only material from the designated time period, and (b) only the material deemed relevant, per Ryan's requests and otherwise unavailable, within that period.

For reasons outlined above, and under 28 U.S.C. § 636(b)(1)(C) and L.R. 72.3(b), Plaintiff objects to certain portions and aspects of the Magistrate Judge's Order. Plaintiff does not object to Order's conclusion that contents of the phone are not relevant nor admissible in relation to

---

[2] Even the case cited in the Order and by the parties, *M.J. v. Akron City Sch. Dist. Bd. of Educ.*, No. 5:18-cv-577, 2019 U.S. Dist. LEXIS 172837 (N.D. Ohio 2019), limits discovery of phone contents to just a fourteen-day period. Further, the fourteen-day period was meant answer the specific question raised by the defendants in that case, namely "the only way to access the [iCloud] account and obtain account information that would enable [defendants] to verify [M.H.'s] claims about the recordings." Here, Ryan has raised no need to verify or impeach specific evidence.

Plaintiff's § 1983 claim. Plaintiff respectfully requests that this Court deny in its entirety Defendant Ryan's Motion seeking a protective order and order compelling the examination of Burghardt's phone.

Respectfully Submitted,

*/s/ Jacqueline Greene*
JACQUELINE GREENE (0092733)
SARAH GELSOMINO (0084340)
TERRY H. GILBERT (0021948)
FRIEDMAN & GILBERT
55 Public Square, Suite 1055
Cleveland, OH 44113-1901
T: 216-241-1430
F: 216-621-0427
jgreene@f-glaw.com
sgelsomino@f-glaw.com
tgilbert@f-glaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Jacqueline Greene*
JACQUELINE GREENE
*One of the Attorneys for Plaintiff*

6