**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Matthew Burghardt, as Guardian of Matthew B. Burghardt,** | ) ) ) | **Case No. 5:19-CV-00325** |
| | ) | **Judge Sara Lioi** |
| Plaintiff, | ) ) | |
| | ) | **Magistrate Judge George J. Limbert** |
| vs. | ) ) | |
| | ) | **DEFENDANT EZEKIEL RYAN'S** |
| **Ezekiel Ryan,** *et al.*, | ) | **RESPONSE TO PLAINTIFF'S** |
| | ) | **OBJECTIONS TO MAGISTRATE** |
| Defendants. | ) | **JUDGE'S DISCOVERY ORDER** |
| | ) | |

## I.     INTRODCUTION

Defendant Ezekiel Ryan moved for a protective order, directing the Lakemore Police Department to preserve Matthew B. Burghardt's cell phone until the parties agreed on a protocol for inspecting the phone.  Defendant also moved to compel a non-destructive examination of the phone by a forensic expert.  This court referred the motion to Magistrate Judge George Limbert for a decision.  (Order, 12-4-19).

After further briefing by the parties, Judge Limbert granted Defendant's motion and ordered that the cell phone be preserved.  Judge Limbert also compelled a forensic examination by Defendant's expert, subject to any protocol and confidentiality order agreed to by the parties and restricted to a time period of three months before the shooting incident at issue, unless the parties agreed otherwise.

Plaintiff has objected to Judge Limbert's decision, arguing (1) that information in the phone isn't relevant to Plaintiff's state-law claims; (2) that Defendant didn't cite Plaintiff's state-law claims as grounds for seeking cell-phone information; and (3) information in the phone isn't proportional to the needs of the case.

As explained below, the court should overrule Plaintiff's objections and uphold Judge Limbert's well-reasoned decision, especially under the deferential standard of review that governs such discovery rulings.  At this stage of the litigation, the issue isn't whether the cell-phone contents are admissible in evidence.  The issue, as Judge Limbert noted, is whether it is "at all possible" that phone contents will *lead* to the discovery of admissible evidence.  (Doc. #2, Page ID #: 116).  Defendant explained in his briefing why the phone contents may lead to admissible evidence regarding Plaintiff's pre-shooting activities; his intent and state of mind before, during, and after his burglary offense; his intent and state of mind leading up to the confrontation with the police; his potential drug use, impairment, or physical/mental capacity; and his relationship and any shared plan or conspiracy with the driver of the vehicle, who also participated in the burglary and the confrontation with police.

Potential cell-phone evidence on these issues is particularly important where, as here, Plaintiff supposedly suffered brain damage and cannot be deposed.  Discovery is further warranted because Plaintiff can point to no particular information or categories of information on the phone—private or otherwise—that warrant the drastic step of forbidding mere discovery (with confidentiality protections) of the information.

## II.  LAW AND ARGUMENT

### A.  Standard of Review

Plaintiff asserts objections that purportedly require a *de novo* determination under 28 U.S.C. §636(b)(1)(C) and Local R. 72.3(b).  But both of those provisions apply only to motions for summary judgment, evidentiary hearings, and similar case-dispositive matters.  Defendant's motion, by contrast, was a non-dispositive *discovery* motion governed by 28 U.S.C.

§636(b)(1)(A) and Local R. 72.3(a).  The standard of review for such decisions is whether the magistrate judge's order is "clearly erroneous" or "contrary to law":

> Under Fed. R. Civ. P. 72(a), when a magistrate judge hears and determines a non-dispositive pretrial matter and issues a written order, a party may file objections. The district court must consider any timely objections "and modify or set aside any part of the order that is clearly erroneous or is contract to law."  *Id.*

> "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948).  A court may not overturn a ruling just because, if it were the original fact-finder, it would have decided the evidence differently.  If there are two plausible views of a matter, then a decision cannot be "clearly erroneous."  *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985).

> "In reviewing a magistrate judge's decision to determine whether it is 'contrary to law,' a district court is to apply the same standard the Sixth Circuit employs to review a district court's ruling on an evidentiary question, which is an 'abuse of discretion' standard." *Champion Foodservice, LLC v. Vista Food Exch. Inc.,* No. 1:13-CV-1195, 2015 WL 7251307, at *1 (N.D. Ohio Nov. 16, 2015).  An abuse of discretion occurs when the magistrate judge "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Paschal v. Flagstar Bank,* 297 F.3d 431, 434 (6th Cir. 2002).

*Fuse Chicken, LLC v. Amazon.Com, Inc.,* 2019 WL 5420210, *1 (N.D. Ohio) (Lioi, J.).

This differential standard of review, combined with the broad discretion and standards that govern judicial oversight of discovery in general, warrant upholding Judge Limbert's decision.

**B.    The material available on Burghardt's cell phone is discoverable if it may possibly lead to the discovery of admissible evidence.**

Judge Limbert properly cited and applied the broad and discretionary standards governing discovery.  (Order, Doc. #23, PageID #: 116) ("The Federal Rules of Civil Procedure allow for traditionally very broad discovery.")  Rule 26 states that parties "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case…."  Information "need not be admissible in evidence to be discoverable."  F.R.C.P. 26(b)(1).  Rather, material is discoverable "if it is at all possible that it would lead to the discovery of admissible evidence."  (Doc. #23, PageID #: 116, *citing Coleman v. Am. Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994)).  The discovery rules are thus "designed to encourage open exchange of information by litigants in federal courts."  *Baldridge v. Shapiro*, 455 U.S. 345, 359 (1982).

Here, the facts and events leading to Plaintiff's confrontation with the police are a proper subject of discovery both with respect to Plaintiff's claims and potential defenses to those claims.  Plaintiff alleges that Defendant used "excessive force," acted "without legal justification," and acted "in a willful, wanton, and/or reckless manner" on the night of the incident.  (Doc. #1, Page ID #: 5-6).  Defendant alleges that Plaintiff, acting in conjunction with his partner in crime that evening, was at fault for his own injuries based on his mental state and state of mind at the time of the incident.

A number of questions and issues are relevant to these claims and defenses.  What were Plaintiff and his cohort planning to do that night?  Did they establish a plan or intent as to what they would do if confronted by police?  When fleeing the scene of the burglary, did they agree that they would resist any attempt at apprehension?  While hiding from the police in a driveway, did they agree on what they would do if the police found them?  When Plaintiff's cohort started their vehicle engine, ignored repeated police commands and drawn weapons, slammed into a police cruiser, and appeared to be putting the van in drive so as to accelerate toward the officers, what did Plaintiff and his cohort intend to do?  Were they acting pursuant to an agreed plan or under a culpable state of mind?  The information on Plaintiff's cell phone may help answer these questions or lead to other admissible evidence relevant to Plaintiff's conduct that night.  Judge Limbert thus properly observed that "the contents [of the phone] may be relevant to one or more

4

of Defendant Ryan's defenses, particularly in response to Plaintiff's state law tort claims." (Doc #23, Page ID#: 117).

Plaintiff, however, objects to this finding and argues that the only relevant evidence as to liability is the police bodycam video of the confrontation. Plaintiff claims that the cell-phone contents cannot possibly illuminate what happened "any more clearly than the video." (Doc #25, PageID #: 136).

But Plaintiff's phone remains preserved as it was found at the scene of the incident. The contents of the phone haven't been imaged or otherwise inspected since the incident. And since Plaintiff is supposedly brain damaged, neither he nor anyone else knows what information is or isn't on the phone. Thus, Plaintiff cannot possibly argue that information on the phone isn't relevant or wouldn't possibly lead to admissible evidence. Defendant isn't speculating about the potential value of a cell-phone examination. The phone is a source of objective and subjective information about locations, events, plans, and communications leading to the confrontation with police. It is Plaintiff who is speculating when he argues that information of which he has no knowledge, memory, or comprehension cannot possibly be relevant or lead to admissible evidence. Simply put, Plaintiff's attorneys fear the unknown. They want this case to be decided on the video that they know about rather than on the potentially damaging unknown information found on the phone. Plaintiff's attempt to control the narrative and parameters of this case should not preclude Defendant from discovery of potentially valuable information.

**C.    A forensic examination of Plaintiff's cell phone is proportional to the needs of the case.**

A cell phone examination not only satisfies the broad relevancy standards that apply to discovery, it is also "proportional to the needs of the case" under Rule 26(b)(1). The rule lists various proportionality factors, including the importance of the issues at stake in the action and

5

the amount in controversy. Plaintiff's own complaint alleges that Plaintiff was rendered blind and "permanently cognitively incapacitated." The allegations against Defendant and Defendant's ability to defend himself are serious matters in a very serious case. Such factors favor discovery of Plaintiff's cell-phone information.

Rule 26(b)(1) also lists "the parties' relative access to relevant information" as an important proportionality factor. Here, Plaintiff claims that he is permanently cognitively incapacitated," cannot be deposed, and has the mental capacity of a five-year-old. (Doc. #1, Page ID ##: 1, 4). Since little or no information is available from Plaintiff directly, discovery of Plaintiff's cell-phone information is of even greater importance than it might otherwise be. As Judge Limbert noted, "the fact that Burghardt is currently mentally incompetent to provide evidence also supports permitting discovery of electronically stored information that could aid in Defendant Ryan's defense." (Doc. #23, PageID #: 118).

Other proportionality factors in Rule 26(b)(1) include "the party's resources" and "whether the burden or expense of the proposed discovery outweighs its likely benefit." These factors also militate in favor of cell-phone discovery because Defendant isn't attempting to foist any burden or expense on Plaintiff. Defendant proposes to retain his own forensic expert and conduct the examination at Defendant's expense, hopefully under an agreed examination protocol.

In opposing discovery, Plaintiff argues his privacy rights will be burdened or impaired by cell-phone discovery. But again, Plaintiff is supposedly incapable of knowing or understanding what was on his phone before the incident. As Judge Limbert noted, "Plaintiff is not in a position to attest that the information on the cell phone is already available to Defendant Ryan or available elsewhere." Further, Defendant has represented to the court that he is amenable to a confidentiality agreement, and Judge Limbert, citing this representation, found that the discovery

request is "not disproportional to the needs of the case" and that "the parties themselves may agree to a confidentiality agreement concerning the contents of the phone."  (Doc. #23, PageID #: 119).

**D.     The court should reject Plaintiff's "waiver" argument.**

On pages 2-3 of his objections, Plaintiff argues that Defendant didn't provide reasons for a cell-phone examination and that Judge Limbert sua sponte "made up" reasons to justify Defendant's request.  Plaintiff argues that any justification not found in Defendant's motion was "waived" and could not be relied upon by Judge Limbert.

Plaintiff's argument should be rejected for at least two reasons.   First, Defendant provided ample justification for a cell-phone examination in Defendant's motion and reply brief. Defendant explained in his motion that the phone was the best and probably only means of determining Burghardt's actions, activities, communications, and locations leading up to the conformation with police.  In his reply brief, Defendant stated:

> "The information available on Burghardt's cell phone (communications, location, prior activities) may provide several types of evidence relevant to the incident in question. For example, the phone may possess evidence of:
>
> - Burghardt's intent and state of mind leading up to and during incident in question;
>
> - Burghardt's locations and activities leading up to and related to the incident in question;
>
> - Burghardt's use of narcotics and physical or mental capacity leading up to and at the time of the incident in question;
>
> - Burghardt's relationship with his co-criminal in the vehicle with him; and
>
> - Burghardt and his co-criminal's plan and intent to commit a crime and/or engage in violence on the night of the incident.

(Doc. #19, p. 2).  Each of the above examples of information could be relevant and may lead to discoverable evidence related to the defense to Plaintiff's allegations of willful, wanton, and reckless conduct and assault and battery.

Second, courts, including magistrate judges, have broad discretion with respect to controlling discovery and fashioning discovery orders.  *Ghandi v. Police Dept. of City of Detroit,* 747 F.2d 338, 354 (6th Cir.1984).  "It is well established that the scope of discovery is within the sound discretion of the trial court."  *Lavado v. Keohane,* 992 F.2d 601, 604 (6th Cir. 1993).  This discretionary authority is found throughout Rule 26, which permits a court, "[o]n motion or on its own," to limit discovery that is cumulative, irrelevant, or burdensome.  *See* Rule 26(b)(2)(C).  Likewise, Rule 26(c) provides a laundry list of discretionary acts that a court may take to protect a party's rights in discovery.  And when ordering that discovery take place, a court "may, on just terms, order that any party or person provide or permit discovery."  Rule 26(c)(2).  In short, no legal principle or authority prevented Judge Limbert from comprehensively analyzing the various claim or defenses so as to fashion and just and reasonable discovery order.

**E.      Plaintiff's caselaw does not deal with discovery issues but rather constitutional arguments pertaining to criminal sentencing.**

The only case cited by Plaintiff isn't applicable to discovery issues.  In his objections, Plaintiff states:

> "However, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed (argumentation), are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court...to put flesh on its bones.""  *United States v. Cole,* 359 F.3d 420, 428 n.13 (6th Cir. 2004).

(Doc. #25, PageID #: 137).

The *Cole* case involved a plaintiff's appeal of his criminal sentence.  In a footnote, the Sixth Circuit noted that the plaintiff failed to cite any authority supporting his constitutional

8

argument, thus waiving the argument.  The crux of *Cole* thus deals with a whether a district court has discretion to deviate from federal sentencing guidelines in a criminal case.  *Cole* has no bearing on a district court's broad discretion in handling pretrial civil discovery.

**F.    The three-month limitation imposed by Judge Limbert is reasonable, discretionary, and not clearly erroneous or contrary to law.**

Plaintiff argues that any cell-phone discovery should be limited to the day of the incident. Defendant requested discovery of all information on the phone.  Judge Limbert chose a middle ground—discovery would be permitted of information during the three months preceding the incident.  This is a reasonable time limit to which Defendant does not object.   Three months provides reasonable latitude for information that may be relevant while taking into consideration the lengthy information trail that may exist on a cell phone.  Defendant has no desire to exploit irrelevant information that may embarrass or harass Burghardt.  Judge Limbert's middle ground decision was within his discretion and was not clearly erroneous or contrary to law.

### III.    CONCLUSION

The court should overrule Plaintiff's objections and uphold Judge Limbert's reasoned discovery decision.

Respectfully submitted,

*/s/ Kenneth A. Calderone*
Kenneth A. Calderone (0046860)
Anne M. Markowski (0069705)
Hanna, Campbell & Powell, LLP
3737 Embassy Parkway, Suite 100
Akron, OH  44333
Telephone:  (330) 670-7324 / (330) 670-7601
Facsimile:  (330) 670-7440 / (330) 670-7456
Email:  kcalderone@hcplaw.net
            amarkowski@hcplaw.net
*Attorneys for Defendant Ezekiel Ryan*

## CERTIFICATE OF SERVICE

This document was filed on January 14, 2020, using the court's CM/ECF system, which will send notification of such filing to all parties. Parties may access this document through the Court's electronic filing system. Copies of this filing were mailed to the parties not on the Court's electronic filing system.

*/s/ Kenneth A. Calderone*
Kenneth A. Calderone (0046860)
Anne M. Markowski (0069705)
*Attorneys for Defendant Ezekiel Ryan*

<<HCP #1087779-v1>>